## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Charles Steven Morris

     v.

Professional Consultants, Inc.

June 13, 1984

By JUDGE J. SAMUEL JOHNSTON, JR.

The case law in Virginia seems consistent in applying a three-pronged test in interpreting non-competition clauses. It is unnecessary to repeat them since both sides cited the same cases which enunciated them. I will address them in the order they are set forth in the cases of *Foti v. Cook*, 220 Va. 800 (1980), and *Roanoke Eng. Sales v. Rosenbaum*, 223 Va. 548 (1982).

One preliminary issue which can be disposed of is the assertion that Respondent violated or breached the terms of the contract by the actions of the "partners" in not properly compensating Complainant, for requiring more working hours than agreed upon and for not properly training him in the consulting and management aspects of the business. This is ancillary to the real issues, not germane to my inquiry and certainly not proven by any of the evidence. The two issues to be decided are:

(1) The validity of the non-competition clause, and

(2) If the clause is valid, which clients are affected by the terms of that clause.

1st Query: Is the restraint, from the standpoint of the employer, reasonable in that it is no greater than is necessary to protect the employer in some legitimate interest. I must answer this question in the affirmative. The evidence discloses that this field requires detailed

training, a close personal and confidential working relationship, and those skills necessary to manage professionals and their assets in business and an advisory capacity. This field is a very limited one, restricted to those individuals who possess the above talents and the acumen and personality to implement them. Further, Respondent testified that he had been in this business for fourteen years with the last thirteen in Lynchburg (Tr. p. 61). Thus, the business has been one of substantial duration and one which required years of fulfilling the needs of professionals and of earning and retaining the confidence of those clients. It would certainly seem necessary, to ensure continuity in such a business, that a covenant not to compete be included in any employment contract.

2nd Query: From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood? As in query 1, I must answer in the affirmative. While it is clear that PCI was in a superior bargaining position, this is of no moment in this case. Morris signed the contract eight or nine days after receiving the same and was hired directly out of college. He possessed no unique skills sought by PCI but had the educational background to begin specialized training eventually to get into the consulting/management field. The covenant does not banish him from Lynchburg. The three-year restriction is not unduly harsh or oppressive considering the nature of the business and the legitimate business interests sought to be protected. The percentage of doctors in the Lynchburg area sought by PCI to be declared off limits is about 33%, the percentage of dentists in the Lynchburg area is less than 2% and the percentage of veterinarians is less than 5%. Finally, the class of clients sought to be protected is not overly broad nor oppressive as they must fit within the narrow constraints and definitions of paragraphs 11(b) of the contract.

3rd Query: Is the restraint reasonable from the standpoint of public policy? Once again, my answer is in the affirmative. While much of what I have said hereinabove is pertinent to this issue, there simply has been no showing that Morris's ability to earn a living has been unduly affected.

While mindful that this Court is not empowered to give advisory opinions, this was a bill for a declaratory

judgment and cross-bill for an injunction. This Court was asked to determine not only the validity of the non-competition clause but also to determine which of the clients listed in Exhibit # 2 could be solicited or serviced by Complainant. The burden of proof is upon PCI to show that Morris has violated the terms of his agreement not to compete. Upon cross-examination of Mr. Joins (Tr. pp. 68-71) and direct examination of Mr. Morris (Tr. pp. 73-76), it seems abundantly clear that there was no "strong personal and confidential relationship" nor any "direct personal and confidential relationship" with certain of PCI's clients. PCI also failed to show that certain of its clients were "serviced either by the Employee or by a consultant supervised by the Employee." PCI's evidence is at best equivocal as to these clients and no injunction could issue based on the evidence presented. These clients, listed on Exhibit # 2, who do not fall within the proscription of paragraph 11(b) are # 4, # 6, # 12, # 14, # 17, # 19, # 21, # 25, # 28, # 31, # 35, # 37, # 42, # 43 and # 45. Thus, PCI is not, and would not, according to the evidence presented, be entitled to any injunction regarding the aforementioned clients. Further, PCI is not entitled to any injunction as to any client listed on Exhibit # 2 as there has been no showing of any solicitation, contracting for or rendering the same or similar services as to any client listed on Exhibit # 2. This was conceded by counsel for PCI (Tr. p. 106).

In order to avoid future litigation, I will attempt to state simply the tenor of this opinion.

A. The Bill of Complaint for declaratory relief is denied insofar as the request to hold the non-competition clause invalid.

B. In construing the contract and the right of the parties under the contract and in considering the prayer for injunctive relief as to the clients listed on Exhibit # 2, the Court finds that Morris may solicit, contract for or render the same or similar services to those clients delineated hereinabove in this opinion and thereby PCI is not and would not be entitled to injunctive relief therefor.

C. While finding that the non-competition clause is valid, binding and enforceable between the parties, the prayer for injunction is denied in that there is no evidence whatsoever that Morris has violated any of

the language contained in paragraph 11(b) of the contract which contains the restrictive covenant.

I would urge counsel for Mr. Morris to read and share with Mr. Morris the language contained in the *Foti* case, *supra*, at 807, in that it is not the intention of this Court to allow anyone to accomplish indirectly what is impermissible to accomplish directly. Intentional violations of contracts can lead not only to injunctive relief but monetary punishment as well.